UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>        Plaintiff,<br><br>vs.<br><br>D. G. ADAMS, Warden, Corcoran State Prison, *et al*,<br><br>        Defendants. | Case No. 1:11-cv-01281-RRB<br><br>**ORDER REGARDING<br>MOTION AT DOCKET 14** |

I.      **PENDING MOTION**

At **Docket 14** Jamisi Jermain Calloway, a California state prisoner appearing *pro se*, filed a document entitled "Objection to Dismissal" directed to the Dismissal Order entered by the Court on February 15, 2014 at Docket 13.  Reading the Objection liberally, as it must,[1] because it was filed within 28 days of the date the challenged Order was entered, the Court treats the Objection to Dismissal as the functional equivalent of a motion for reconsideration under Federal Rule of Civil Procedure 59(e).[2]

---

[1]      *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

[2]      *American Ironworks & Erectors, Inc. v. North Am. Const. Corp.*, 298 F.3d 892, 898–99 (9th Cir. 2001).

The Court also notes that two days after filing the motion under consideration Calloway filed a Notice of Appeal.[3]  Normally, the filing of a notice of appeal divests this Court over all matters encompassed by the appeal.[4]  In this case, however, because the Notice of Appeal was filed after the Objection under consideration, the notice of appeal does not become effective until the court has disposed of the pending motion.[5]

## II.   ISSUES

In his motion Calloway contends that the Court deliberately erred in determining that:  (1) Loma Linda University Medical Center made the determination that Calloway was not a suitable candidate for a renal transplant and (2) and he was not forced to undergo forced medical treatment.

Calloway also contends that the Court determined he had not exhausted his administrative remedies with respect to his claim of inadequate diet and denial of ice chips and medically necessary sundries. Calloway is mistaken. The Court granted him leave to file an amended complaint with respect to those claims and provided him with specific directions on the elements that he must plead. The Court did *not* address the question of whether or not Calloway had exhausted his administrative remedies. The Court did, however, note that Calloway should attach to his amended complaint all documentation evidencing exhaustion of his administrative remedies.[6]

---

[3]      Docket 15.

[4]      *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

[5]      Fed. R. App. P. 4(a)(4)(B)(I); *Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1053–64 (9th Cir. 2002).

[6]      In support of the motion, Calloway attached 250 pages of exhibits ostensibly
(continued...)

## III.    STANDARD

This Court may grant relief under Rule 59(e) under limited circumstances: (1) an

intervening change of controlling authority; (2) new evidence has surfaced; or (3) the

previous disposition was clearly erroneous and, if uncorrected, would work a manifest

injustice.[7]  Calloway's motion is based solely on the third basis: the prior disposition was

clearly erroneous.

## IV.    DISCUSSION

Initially, the Court notes that Calloway raised both his denial of a transplant and his

forced, involuntary medication claims in *Calloway V*.[8]  In screening his Complaint in that

---

[6](...continued)
for the purpose of establishing exhaustion.  These included ten (10) Director's Level Decisions with accompanying documentation.  The page references are to the pages of the Director's Level Decision.  The pages between the Director's Level Decision and the next following Director's Level Decision appear to be associated with the immediately preceding decision.  For example, pages 18 through 39 appear to be associated with the January 27, 2010, decision.

> January 27, 2010, Local Log. No. COR-09-02162 [Docket 14, pp. 16–17].
> February 1, 2010, Institution Log. No. COR-09-09-17324 [Docket 14, pp. 40–42]
> February 23, 2010, Institution Log No. COR-09-09-10080 [Docket 14, pp. 97–99].
> February 26, 2010 Institution Log No. COR-09-09-10777 [Docket 14, pp. 108–110].
> February 26, 2010 Institution Log No. COR-09-09-10913 [Docket 14, pp 119–121].
> February 26, 2010 Institution Log No. SATF-33-09-11586 [Docket 14, pp. 130–132].
> April 9, 2010 Institution Log No. SATF-33-09-14987 [Docket 14, pp. 167–169].
> April 20, 2010 Institution Log No. SATF-33-M-09-02952 [Docket 14, pp. 176–278]
> July 19, 2010 Institution Log No. COR-09-09-14230 [Docket 14, pp. 188–190]
> August 23, 2010 Institution Log No. COR-09-10-10956 [Docket 14, pp. 249–251].

[7]    *See Circuit City Stores v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999); *see generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc. Civ*. § 2810.1 (2d ed.).

[8]    *Calloway v. Kelly, et al.*, 1:11-cv-01090-LJO-SAB, Docket 10 entitled "1st Amended Complaint."  This Court takes judicial notice of the pleadings in that case.  Fed.
(continued...)

ORDER REGARDING MOTION AT DOCKET 14
*Calloway v. Adams*, 1:11-cv-01281-RRB – 3

case the Court found that he had not established a cognizable civil rights claim under § 1983 based upon his involuntary medication or his right to a transplant allegations. Noting, with respect to his transplant claim, that the decision that he was not a candidate for a transplant was made by Loma Linda University Medical Center, who was not a defendant in that case.  The Court also ruled that Calloway had properly pled a cognizable First Amendment claim against certain defendants and gave Calloway the option of filing an amended Complaint or proceeding on the retaliation claim alone.[9]  Calloway elected not to amend and to proceed on the cognizable claims, but also requested reconsideration and the appointment of counsel.[10]  The Court denied reconsideration and declined to appoint counsel.[10]

Calloway sought to appeal from the decision denying him reconsideration and appointment of counsel.[11]  The Court of Appeals dismissed the appeal from the interlocutory decision for lack of jurisdiction.[12]  That case remains pending.

### A.  Transplant

Calloway contends that the Court wrongfully implied that he was not a candidate for a transplant based upon the decision of the Loma Linda University Medical Center

---

[8](...continued)
R. Evid. 201.

[9]      *Id*, Docket 13.

[10]     *Id.*, Docket 15.

[10]     *Id.*, Docket 16.

[11]     *Id.*, Docket 19.

[12]     *Id.*, Docket 24 (Order); 27 (mandate).

("LLUMC").  Calloway argues that he can prove through summary judgment that LLUMC did in fact approve him for a transplant.  This Court disagrees.

In *Calloway V*, Calloway attached as an exhibit to his First Amended Complaint a copy of a letter from the LLUMC dated September 10, 2010, in which it was stated:  "Your transplant evaluation was reviewed by the Transplant Candidacy Review Committee on September 2, 2010. Regretfully, the Committee has determined that you are not a candidate for the transplant wait list at this time."[13]

In his motion in this case Calloway contends that he can establish that LLUMC did in fact approve him for a transplant until Calloway was allegedly wrongfully retaliated against through retaliatory reprisals and racial discrimination after he was force medicated on pyschotropic drugs. Calloway does not allege any factual basis for his conclusory statement. This is particularly troublesome in this case inasmuch as it was Calloway who attached the LLUMC letter to a complaint that he acknowledged he was attesting to as true under penalty of perjury. Nor do any facts appear in the record in either this case (including the 250 pages of exhibits attached to the objection) or *Calloway V* that even remotely support Calloway's contention that LLUMC approved Calloway as a candidate for a transplant.  Nor, for that matter, does it appear that he raised this particular issue at any point in the voluminous documents attached to this motion, which he contends establishes exhaustion of administrative remedies.[14]

---

[13]     *Id.,* Docket 10-1, p. 94.

[14]     The Court notes that Calloway did raise the issue of a renal transplant in the administrative proceeding culminating in the Director's Level Decision on July 19, 2010 [Docket 14, pp. 188–190].  However, that proceeding involved a request for a "follow-up
(continued...)

ORDER REGARDING MOTION AT DOCKET 14
*Calloway v. Adams*, 1:11-cv-01281-RRB – 5

## B.  Forced Medical Treatment

Calloway now contends that the reason he refused dialysis treatment at the CSP #2 Davita Hemodialysis Unit was because it was "unhuman, unsafe, unclean," and he (Calloway) "was subjected . . . cruel and unusual punishment when he was force [*sic*] to receive hemodialysis in a <u>unclean isolation hepititis [*sic*] room</u> which plaintiff was subjected to (Hep C) and deliberately illegally chained to his hemodialysis chair by his hand and by his leg in order just to receive his life sustaining treatment."[15]  Calloway did not include these allegations in his complaint. Calloway did, however, raise concerns about his dialysis treatments in his administrative proceedings, specifically in connection with the Director's Level Decision dated August 23, 2010.[15]  In that proceeding, as summarized at the Director's Level, Calloway contended:

> Your CDC 602 indicated that you are concerned that your life is in imminent danger due to continued retaliatory reprisal against you by your assigned Nephrologist, Social Worker, Registered Nurses and Dietician: you state that you believe there is a conspiracy by those Medical Staff personnel to under mind [*sic*] your serious medical needs; you claim that you are being forced against your will to keep going to the California Substance Abuse Treatment Facility (SATF) for hemodialysis; you claim you are being denied equal treatment of dialysis care; you claim you are deliberately being denied your long term medical goals and transplant by your Nephrologist; you claim you

---

[14](...continued)
with the Arrowhead Regional Center, Renal Transplant for my next step."  In denying the appeal at the Director's level, the Chief of the California Health Care Services held "there is no compelling evidence that warrants intervention at the Director's Level of Review as your medical treatment has been evaluated by licensed clinical staff and you are receiving treatment deemed medically necessary."  Calloway does not challenge the Director's decision

[15]      Docket 14, p. 5 (underlining in the original).

[15]      Docket 14, pp. 249–51.

are being denied the same renal diet; and finally you claim that you are being denied daily hygiene.
You requested that you not go to SATF for your hemodialysis, you state you want your assigned Nephrologist removed.[16]

The Court has reviewed the CDCR 602-HC that the Director's Level Decision addressed,[17] and notes that the Director's Level summation is accurate and complete. Nowhere in the file associated with that decision does it appear that Calloway contended that the facility was unclean, unsafe, unhygienic, or otherwise described the facts that constituted a threat to his health or safety. Consequently, Calloway has clearly failed to exhaust his administrative remedies in that regard.

In denying Calloway relief at the Director's Level the Chief, California Health Care Services, held as relevant to this issue:

> CDCR only provides medical services based on medical necessity and supported by outcome data as effective medical care.  In the absence of available outcome data for a specific case, treatment will be based on the judgment of the physician that the treatment is considered effective for the purpose and is supported by diagnostic information and consultations with appropriate specialists.
>
> * * * *
>
> You are reminded that only facility-employed health care staff and consultants shall diagnose illness or prescribe medication or treatment for inmates.  No other person may do so.  You will continue to receive medically indicated medications and other clinical services.
> While you may refuse medical treatment, you are not authorized to select your clinician or clinic assignments.  All clinician assignments are determined by health care management based on facility needs.  You are encouraged to cooperate with your clinicians in order to receive proper care and management of your condition.  You will be evaluated and treatment will be provided based on your clinicians evaluation, diagnosis, and recommended treatment plan, according to applicable policies.

---

[16]     *Id.*, p. 249.

[17]     *Id.*, pp. 253–55.

> At the DLR, your appeal file was reviewed and it was determined the institution's response was comprehensive and adequate to address your concerns.  As a result, there is no compelling evidence that warrants intervention at the Director's Level of review as you are receiving treatment deemed medically necessary, including medications, surgical intervention and specialty services.  You are encouraged to cooperate with your clinicians in order to receive the proper treatment for your condition.[18]

At most, Calloway has shown that there is a mere difference of opinion regarding the appropriate course of medical treatment, which is "insufficient as a matter of law, to establish deliberate indifference."[19]

Calloway also includes contentions that were not raised in his Complaint.  E.g., that Dr. McCauley and Davita deliberately failed to respond to his serious medical needs; specifically an undefined significant injury to his heart, ignoring chest pains and low blood pressure over the years. This Court's review of the administrative proceedings attached to the complaint did not uncover any administrative proceeding in which Calloway raised these issues.  Consequently, as to that factual allegation Calloway has failed to exhaust his administrative remedies.

### C.  Effect of *Calloway V*

As noted above, Calloway raised essentially the same claims in *Calloway V*.  Those claims were dismissed during screening and Calloway elected to proceed on the remaining claim. Calloway also appealed to the Ninth Circuit, which dismissed his appeal as premature.

---

[18]     *Id.*, pp. 250–51.

[19]     *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *see Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (noting, also, that a disagreement between a prisoner and a medical professional over the most appropriate course of treatment cannot give rise to a viable claim of deliberate indifference).

It is axiomatic that "a litigant has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."[20] In *Calloway V* this Court rejected both the argument that he was wrongfully denied a transplant and the argument that he was forced to undergo medical treatment against his wishes. Although those claims were dismissed, that action is still pending. Calloway's appropriate avenue of relief is to appeal the decision in *Calloway V* upon the entry of final judgment, not recasting those claims in a new, independent action.

## V. CONCLUSION and ORDER

Calloway has fallen far short of establishing that this Court erred at all, let alone deliberately, in dismissing his claims under § 1983 that (1) the defendants incorrectly determined that he was not a suitable candidate for a renal transplant and (2) and he was forced to undergo forced medical treatment. Accordingly,

The Objection to Dismissal at Docket 14, treated as the functional equivalent of motion for reconsideration under Rule 59(e), is **DENIED**.

**IT IS SO ORDERED** this 14th day of March, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[20] *MHC Financing Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1133 (9th Cir. 2013); *see Triparti v. First Nat'l Bank & Trust*, 831 F.2d 1368, 1370 (9th Cir. 1987) (dismissing an action as frivolous under 28 U.S.C. § 1915, because the plaintiff had "another action pending before the district court involving the same parties and the same transactions.").