UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>          Plaintiff,<br><br>vs.<br><br>D. G. ADAMS, Warden, Corcoran State Prison, *et al.*,<br><br>          Defendants. | Case No. 1:11-cv-01281-RRB<br><br>**ORDER DISMISSING COMPLAINT**<br>**WITHOUT LEAVE TO AMEND** |

## I.    BACKGROUND/HISTORY

Pending before this Court at **Docket 31** is the Amended Complaint filed by Plaintiff

Jamisi Jermaine Calloway under the Civil Rights Act, 42 U.S.C. § 1983. In his original

complaint Calloway, who suffers from renal failure, alleged *inter alia* that, despite medical

orders, he was denied a renal diet on occasion and, because he was denied ice chips, he

was forced to drink large quantities of water, as well as being denied various sundry items.

Calloway contended this exhibited deliberate indifference to serious medical needs. On

February 13, 2014, the Court dismissed his complaint with leave to amend.[1] Calloway

---

[1]  Docket 13.  In that Order this Court, although expressing doubt that Calloway could adequately truthfully plead an Eighth Amendment claim based upon his alleged denial of an adequate renal diet, ice chips, hypoallergenic soap, shampoo, and moisturizing lotion, nonetheless granted Calloway leave to amend.  All other claims, i.e., his request for a transfer, denial of a renal transplant, and forced medical treatment, were dismissed without leave to amend.

ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND
*Calloway v. Adams*, 1:11-cv-01281-RRB – 1

appealed that dismissal to the Court of Appeals for the Ninth Circuit, which dismissed his appeal.[2] Calloway then filed a status report in which, in addition to seeking additional time within which to file his amended complaint in compliance with the Court's earlier order, it appeared that Calloway sought to expand his complaint to include claims of violations of his First, Eighth, and Fourteenth Amendment rights for acts that occurred between 2007 and 2014. This Court declined to grant Calloway leave to file an open-ended amended complaint that, in addition to arising after his transfer from California State Prison–Cochran, more likely than not included unrelated claims against multiple parties, some of which may have been either barred by the applicable limitations period or more properly part of one of the five § 1983 cases Calloway had pending in this Court at the time he filed the complaint in this matter. The Court nonetheless granted Calloway leave to file an amended complaint and explicitly advised Calloway that his amended complaint must be limited to his Eighth Amendment claim as permitted by this Court's February 13, 2014, order, no other.[3] The Court further advised Calloway that any other claims he might wish to bring should be brought in the appropriate court in the appropriate manner.

---

[2]  Docket 25.

[3]  The Court explicitly instructed: "[i]n amending his Complaint, Calloway must specifically allege: (1) a medical order that he be provided a special renal diet and the other sundry items necessary to his medical condition that Calloway claims were denied; (2) the dates upon which he was denied a special renal diet or other sundry items necessary to his medical condition; (3) the specific *physical injury* he suffered as a result of each denial; and (4) identify the person(s) responsible for each denial." Docket 29. In his Amended Complaint Calloway completely disregarded this instruction.

The explicit instructions notwithstanding, in his Amended Complaint which, including exhibits, consists of some 453 pages, Calloway asserts 16 separate claims for relief naming as defendants the California Department of Corrections and Rehabilitation, ten (10) or twelve (12) Does, and some forty-seven (47) named individuals.  Calloway's claims arise out of incidents allegedly occurring from prior to August 12, 2009, extending through August 25, 2013.

## II.   SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[4] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[5] Likewise, a prisoner must exhaust all administrative remedies as may be available,[6] irrespective of whether those administrative remedies provide for monetary relief.[7]

---

[4] 28 U.S.C. § 1915A(a).

[5] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[6] 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[7] *See Booth*, 532 U.S. at 734.

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[9] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[10]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[11]  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[12] Further, although a court must accept as true all factual allegations

---

[8]  Fed. R. Civ. P. 8(a)(2).

[9]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[10]  *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[11]  *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[12]  *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND
*Calloway v. Adams*, 1:11-cv-01281-RRB – 4

contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[13]

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[14]

In addition to its powers in screening complaints under 28 U.S.C. § 1915A(a), a trial court may dismiss a complaint for failure to state a claim *sua sponte* where it is obvious that the plaintiff cannot state a claim for relief.[15]

## III.    APPLICABLE LAW

The Supreme Court, holding that the infliction of unnecessary suffering on prisoners violated the Eighth Amendment, stated:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.[16]

In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition,"

---

[13]   *Id.*

[14]   *Id.* (quoting *Twombly*, 550 U.S. at 555).

[15]   *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *see generally* 5B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Adam N. Steinman Federal Prac. & Proc. Civ. § 1357 (3d ed.).

[16]   *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976) (footnotes, internal quotation marks and citations omitted).

holding that only the former violates the Constitution.[17] In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."[18]

To make a claim, Plaintiff must show that Defendants exhibited "deliberate indifference to serious medical needs."[19] Such a showing is sufficient to demonstrate the "unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."[20] The Constitution "does not necessitate comfortable prisons,"[21] nor is the Eighth Amendment a mandate for "broad prison reform" or excessive federal judicial involvement.[22] However, the Eighth Amendment does not permit inhumane conditions, and prison conditions are subject to scrutiny under its provisions.[23] "Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[24] A mere difference of medical opinion

---

[17] *Id.* at 106.

[18] *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

[19] *Estelle*, 429 U.S. at 105.

[20] *Id*. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (internal quotation marks and citation omitted)).

[21] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981))

[22] *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (*abrogated on other grounds by Sandlin v. O'Connor*, 515 U.S. 472 (1995)).

[23] *Farmer*, 511 U.S. at 832.

[24] *Toguchi v. Chung*, 391 F. 3d 1051, 1060 (9th Cir. 2004); *see Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation).

ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND
*Calloway v. Adams*, 1:11-cv-01281-RRB – 6

regarding the course of medical treatment is "insufficient as a matter of law, to establish deliberate indifference."[25]

## IV.   DISCUSSION

Screening Calloway's Amended Complaint involves three issues. First, the extent to which the claims asserted in the Amended Complaint may be barred by the applicable limitation period. Second, the addition of new claims that arose after the original Complaint was filed. Third, to the extent that the Amended Complaint complies with the Order granting Calloway leave to amend, whether or not it survives screening. The Court will address these three issues in order.

### A.   *Limitations Period*

Calloway's original complaint is dated August 26, 2011, the deemed filing date under the prison "mailbox rule." Calloway's Amended Complaint is dated October 14, 2014. "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."[26] The applicable limitation period under California law is four years.[27] An amendment to a

---

[25] *Toguchi*, 391 F.3d 1059–60 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)); *Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (noting, also, that a disagreement between a prisoner and a medical professional over the most appropriate course of treatment cannot give rise to a viable claim of deliberate indifference).

[26] *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

[27] *See* Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (providing a two-year statute of
(continued...)

pleading relates back to the date of the original pleading if: (1) permitted by the applicable statute of limitations; (2) arises out of the same conduct, transaction, or occurrence set forth in the original pleading; or (3) changes the party or naming of a party if (2) is satisfied and the party to be named had notice of the action within the time permitted for service of a complaint under Federal Rule Civil Procedure 4(m) and knew or should have known that, but for the mistake in identity, he would have been named originally.[28] Thus, unless it relates back, any claim raised in Calloway's Amended Complaint that arose prior to October 14, 2010, is time barred.

Review of the Amended Complaint shows that the new claims Calloway now seeks to assert in his Amended Complaint arise out of different conduct at a different time involving persons who did not have timely notice of the action. Thus, none of the new claims that arose out of conduct occurring prior to October 14, 2010, are timely.

**B.**     ***Post-filing Events***

Calloway also includes a number of claims based upon events that occurred after August 26, 2011. "On motion and reasonable notice, the Court may, on just terms, permit a party to serve and file a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."[29] While leave

---

[27] (...continued)
limitations for personal injury claims, which may be tolled for an additional two years for prisoners).

[28] Fed. R. Civ. P. 15(c).

[29] Fed. R. Civ. P. 15(d).

to file a supplemental pleading is "favored,"[30] "it cannot be used to introduce a separate, distinct, and new cause of action."[31] In this case, Calloway was explicitly warned by this Court to limit his Amended Complaint to the claims for which leave to amend was granted. Even if the Court were to overlook the disregard of this Court's Order and Calloway's failure to follow the proper procedure, Calloway's Amended Complaint seeks to add new parties and new claims arising out of events unrelated to the claims upon which he was granted leave to proceed. Therefore, this Court declines to permit Calloway to proceed on those claims.

**C.    *Issues as to Which Leave was Granted***

The Court's review of the voluminous record attached to the Amended Complaint reveals four administrative appeals in which Calloway raised the issues upon which this Court permitted him to proceed, i.e., his alleged denial of an adequate renal diet, ice chips, hypoallergenic soap, shampoo, and moisturizing lotion. The Director's Level decisions in Calloway's administrative appeals addressing those matters are, in chronological order, as follows.[32]

---

[30]  *See Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).

[31]  *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9the Cir. 1997).

[32]  These four administrative appeals exhausted Calloway's administrative remedies as to the matters raised therein. Cal. Code Regs. tit. 15, § 3084.1(b) ("Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted. All lower level reviews are subject to modification at the third level of review."). Section 3084.7 provides for three levels of review, the third level conducted by the Secretary of the California Department of Corrections and Rehabilitation, or by a designated representative.

First CDC 602 (Corcoran)

**I.**     **DIRECTOR'S LEVEL DECISION**:  Appeal is denied.

**II.**    **ISSUE**:

Your CDC 602 indicated your appeal was "being under-minded [*sic*] by the Appeals Coordinator to process and return to inmate on a timely matter"; and your nephrology medical orders were denied.

You requested your nephrologists' medical orders fully granted; receive your medical supplies as soon as possible; daily showers; transferred to a medical facility; and no reprisal:

**III.**   **PRIOR APPEAL HISTORY**:

A.  Informal Level:  The informal level was bypassed and the appeal was elevated from the informal level to the first level of review.

B.  First Level:  At the first level, submitted on May 19, 2009, you stated The First Level Response (FLR) stated the appeal was partially granted and indicated:

- you were examined by the primary care provider (PCP) on July 15, 2009;
- you were receiving proper care and treatment for your medical condition.

C.  Second Level:  At the second level, submitted on July 27, 2009, you stated you medications were being denied; you were denied Aquamarine body lotion, hypoallergenic deodorant soap and Head & Shoulder shampoo.

The Second Level Response (SLR) stated the appeal was [Outcome] and indicated:

- the requested lotions were non-formulary and approval must be received for those items;
- there was no medical justification for hypoallergenic deodorant soap, Head & Shoulders shampoo and daily showers;
- medical staff was under no obligation to provide treatment ordered by another institution or outside facility;
- your request for a medical transfer was addressed in previous appeal log number COR-9-09-10913;
- your additional requested actions would not be addressed as it was not appropriate to expand the appeal beyond the initial issues and requests; and
- no reprisal would be taken against an inmate for filing an appeal.

**IV.**    **BASIS FOR DIRECTOR'S LEVEL DECISION**:

At the Director's Level of Review (DLR); submitted on October 15, 2009, you stated you were denied proper hygiene items to remain

clear from serious infections; your serious medical needs were deliberately under-minded [sic] by the institutions at Corcoran; and your nephrologists' orders failed to be honored.

At the DLR, your appeal file and documents were reviewed and it was determined your care related to your appeal issues was adequate as previously stated in the FLR and SLR, as you ·received evaluation and treatment as deemed appropriate.

The Department shall provide only medical services for patient-inmates that are based on medical necessity and supported by outcome data as effective medical care.  In the absence of available outcome data for a specific case, treatment will be based on the judgment of the physician that the treatment is considered effective for the purpose and is supported by diagnostic information and consultations with appropriate specialists.  Your contention that you have not received adequate medical care is refuted by professional health care staff familiar with your medical history, as well as a review of your medical records.

Inmates may not demand particular medication, diagnostic evaluation, or course of treatment.  The California code of Regulations (CCR), Title 15, Section 3354, Health Care Responsibilities and Limitations, (a) Authorized Staff, states, "Only facility-employed health care staff, contractors paid to perform health services for the facility, or persons employed as health care consultants shall be permitted within the scope of their licensure, to diagnose illness or, prescribe medication and health care treatment for inmates.  No other personnel or inmate may do so."

You are considered an active partner and participant in the health care delivery system.  You are encouraged to cooperate with your clinicians in order to receive the proper care and management of your condition.  You will continue to be evaluated and treatment will be provided based on your clinician's evaluation, diagnosis, and recommended treatment plan, in accordance with appropriate policies and procedures.

Although you have the right to submit an appeal as a staff complaint, any request for administrative action concerning staff is beyond the scope of the appeals process.  It should be noted the appeal was reviewed and evaluated by the hiring authority and the issue was deemed not to meet staff complaint criteria.

*    *    *    *

It is noted you added additional issues at the Director's Level of Review.   These issues will not be addressed, as you have not provided evidence that you attempted to address them at the informal

level, per the California Code of Regulations (CCR), Title 15, Section 3084.3 (c)(4).

After review, there is no compelling evidence that warrants intervention at the Director's Level of Review as your medical condition has been evaluated by licensed clinical staff and you are receiving treatment deemed medically necessary.[33]

Second CDC 602 (SATF)

I.    **DIRECTOR'S LEVEL DECISION**:  Appeal is denied.

II.   **ISSUE**:

Your CDC 602 indicated you filed this complaint against the administration who were in charge of the Divita 6 chair hemodialysis clinic in which was in contract with CDCR to dialysis inmates from CSP #1 for cruel punishment in which they had conspired together to deny dialysis inmates that were receiving hemodialysis by the company to deliberately indifference or serious medical needs by denying us equal treatment in which were not being treated equally by Divita hemodialysis doctors in which we were receiving medical care from, but not receiving the same care as the same hemodialysis patients that were being treated by Divita on the streets.  Divita had deliberately indifference you because you were a prisoner. Dr. Macauley had deliberately allowed the prisoners to be mistreated by CDCR administration in which he allowed your orders to be undermined by CDCR custody in which he allowed prisoners to feel uncomfortable during your hemodialysis treatment and care knowing you spent the majority of your care chained to a chair.  You had made a number of complaints to the dietician Louis Ann in concerning your renal diet and orders for ice chips, but she had deliberately conspired with CSP #l dietician Ms: Schultz and Dr. Macauley to deny you your renal diet as cruel and unusual punishment.

You requested to receive the same renal diet as the other hemodialysis inmates housed at California Substance Abuse. Treatment (SATF) and ice chips twice a day with breakfast and dinner, and you get TV's put in your six chair dialysis unit, and if not provided a reason for discrimination.

III.  **PRIOR APPEAL HISTORY**:

A.  Informal Level: The informal level was bypassed and the appeal was elevated from the informal level to the second level of review.

---

[33]  Docket 31, pp. 177-79, COR-09-09-12324, dtd February 1, 2010

B.  Second Level:  At the second level, submitted on March 9, 2009, you stated your issues and requests as rioted above.

The Second Level Response (SLR) stated your appeal was partially granted and indicated:

- You were transferred from California State Prison, Corcoran (COR) to the SATF, Corcoran Hemodialysis Unit on a regular basis as ordered by your Primary Care Provider (PCP);
- with the assistance of Sergeant Morrison at COR, you were interviewed regarding the health care complaints raised in this appeal on April 29, 2009;
- this appeal was reviewed by the Health Care Services Hiring Authority in March 2009;
- based on this review, the appeal was determined not to meet the criteria as a Staff Complaint;
- the issues concerning "chained in chairs" were not considered medical in nature and would not be addressed in this appeal;
- as stated in the memos dated August 15 and 19, 2008, if special prescription medications related to your hemodialysis treatment were deemed medically necessary, the dialysis medical staff would order;
- all other prescription medication requests must be addressed by the PCP at COR;
- if ice and/or renal diet was considered medically necessary, the PCPC at COR was responsible for ordering these accommodations for dialysis patient-inmates;
- adding to or modifying the PCP or dialysis medical staffs plan for treatment was beyond the scope of the medical appeals process; and
- you were not allow to self-diagnose your own medical condition.

IV.   **BASIS FOR DIRECTOR'S LEVEL DECISION**:

At the Director's Level of Review, submitted on May 7, 2009, you were dissatisfied with SLR because you were still being denied a renal diet, ice chips and your patients rights had continued undermined by SATF and Divita in which they had conspired together to obstruct the appeal process.

At the DLR, your appeal file and documents obtained from your Unit Health Record (UHR) were reviewed by licensed clinical staff who determined your care related to your appeal issues was adequate as you received medical treatment to address your concerns.

Your request to receive renal diet, ice chips and TV's put in the six dialysis chairs, and a reason for the discrimination was appropriately addressed at the SLR.

* * * *

The Department shall provide only medical services for patient-inmates that are based on medical necessity and supported by outcome data as effective medical care.  In the absence of available outcome data for a specific case, treatment will be based on the judgment of the physician that the treatment is considered effective for the purpose and is supported by diagnostic information and consultations with appropriate specialists.  Your contention that you have not received adequate medical care is refuted by professional health care staff familiar with your medical history, as well as a review of your medical records.

After review, there is no compelling evidence that warrants intervention at the Director's Level of Review as your medical condition has been evaluated by licensed clinical staff and you are receiving treatment deemed medically necessary.[34]

Third CDC 602 (Corcoran)

I.     **DIRECTOR'S LEVEL DECISION**:  Appeal is denied.

II.    **ISSUE**:

Your CDC 602 indicated you were not being provided a Renal Diet, nor were you being provided ice chips as ordered by the doctor and you and other inmates who received dialysis treatment from Divita in the six chair unit at California Substance Abuse Treatment (SATF) were being treated differently than those on the outside who received treatment from Divita; and you were chained to a chair during your treatment and there were no TV's in the six chair unit.

You requested to be given a Renal Diet;' ice chips and have TV's installed in the six unit dialysis unit at SATF.

III.   **PRIOR APPEAL HISTORY**:

A. Informal Level:  The informal level appeal, submitted on March 9, 2009, stated your issues and requests as noted above.

The informal level response stated your appeal was denied and indicated:

•     you had refused the diet at California State Prison (CSP) - Corcoran (COR);

---

[34]  Docket 31, pp. 139–40, SATF-33-09-11586, dtd February 26, 2010

- the Dietitian was called at dialysis and she confirmed they could not offer you trays at California Substance Abuse Treatment (SATF) when you were housed at COR;
- you were welcome to have Doctor order a renal diet for you here at COR; and
- you would be offered it again.

B.  First Level:  At the first level, submitted on March 26, 2009, you stated you were dissatisfied because all your .issues were not responded to; and you stated your medical needs had been deliberately indifferent by SATF.

The First Level Response (FLR) stated your appeal was partially granted and indicated:

- you were interviewed by J. Obaiza, Health Care Manager A (HCM) on May 7, 2009;
- your Unit Health Record (UHR) was reviewed and noted that Dr. McCoula placed you on a regular diet as of September 2, 2008;
- you could discuss this issue with him at your next appointment;
- your institution would make sure you were provided ice chips; and
- TV's at SATF's dialysis unit was not a COR issue.

C.  Second Level:  At the second level, submitted on May 11, 2009, you stated you were dissatisfied because this was a group appeal and the reason Dr. McCoula had put you on a regular diet was because the Administration had failed to comply with his orders for a Renal Diet; and to serve you hot meals, and ice chips as your medical orders.

The Second Level Response (SLR) stated your appeal was partially granted and indicated:

- all submitted documentation and supporting arguments had been considered;
- a thorough examination had been conducted regarding the claim presented;
- you had refused the Renal Diet offered at CSP-COR;
- you were ordered to be placed on a regular diet on June 3, 2009;
- you were receiving your ice chips as ordered;
- you were informed you may submit a Request for Services (RFS) to see a doctor and request a Renal Diet during your appointment; and
- your concerns noted in the appeal regarding CSATF were outside the authority of CSP-COR to address.

ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND
*Calloway v. Adams*, 1:11-cv-01281-RRB – 15

IV.   **BASIS FOR DIRECTOR'S LEVEL DECISION**:

At the Director's Level of Review, submitted on July 15, 2009, you stated that COR has no Renal Diet at all; the Renal Diet was a diet list that they provided but was not being followed by the cooks at all; your diet was not being made at COR nor was the ice chips; and you wanted what you requested.

At the DLR, your appeal file and documents obtained from your Unit Health Record (UHR) were reviewed by licensed clinical staff who determined your care related to your appeal issues was adequate as you received medical treatment to address your concerns.

Your request to be given a Renal Diet; ice chips and have TV's installed in the six unit dialysis were appropriately addressed in the FLR and SLR.

\* \* \* \*

Only authorized CDCR health care staffs are permitted, within the scope of their licensure, to diagnose illness or prescribe medication and health care treatment for patient-inmates. No other personnel or inmates may do so.

After review, there is no compelling evidence that warrants intervention at the Director's Level of Review as your medical condition has been evaluated by licensed clinical staff and you are receiving treatment deemed medically necessary.[35]

Fourth CDC 602 (Corcoran)

I.   **DIRECTOR'S LEVEL DECISION**:  Appeal is denied.

II.   **ISSUE**:

Your CDC 602 indicated that you are concerned that your life is in imminent danger due to continued retaliatory reprisal against you by your assigned Nephrologist, Social Worker, Registered Nurses and Dietitian; you state that you believe that there is a conspiracy by those Medical Staff personnel to under mind [*sic*] your serious medical needs; you claim that you are being forced against your will to keep going to the California Substance Abuse Treatment Facility (SATF) for hemodialysis; you claim that you are being denied equal treatment of dialysis care; you claim that you are deliberately being denied your long term medical goals and transplant by your Nephrologist; you claim that you are being denied the same renal diet; and finally you claim that you are being denied daily hygiene.

---

[35]  Docket 31, pp 110–12, COR-09-11164 dtd June 21, 2010

ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND
*Calloway v. Adams*, 1:11-cv-01281-RRB – 16

You requested that you do not go to SATF for your hemodialysis; you state that you want your assigned Nephrologist removed.

III.  **PRIOR APPEAL HISTORY**:

A. <u>Informal Level</u>:  The informal level was bypassed and your appeal has been elevated from the informal level to the first level for a response.

B.  <u>First Level</u>:  At the first level, submitted on January 12, 2010, you stated your issues and requests as noted above.

The First Level Response (FLR) stated your appeal was denied as follows:

- Your Unit Health Record (UHR) was reviewed.
- You were examined.
- You were advised that SATF was an appropriate location for your dialysis.
- You were advised that custody provides safety at SATF.
- You were advised that contractor discipline is not the duty of the inmate.

C. <u>Second Level</u>: At the second level, submitted on May 18, 2010, you stated that you never refused to be reviewed and you are deliberately being placed in danger, by sending you to SATF for your dialysis.

The Second Level Response (SLR) stated your appeal was denied as follows:

- Your UHR was reviewed.
- You were advised that it is documented that you refused the Medical Appointment regarding your appeal on May 30, 2010.
- You were advised that your medical issues regarding your kidney disease is well documented in your UHR.
- You were advised that you cannot make changes to staff assignments.
- You were advised that there aren't any conspiracy issues to harm you.
- You were advised that you would continue to receive [*sic*] your dialysis at SATF.

IV.  **BASIS FOR DIRECTOR'S LEVEL DECISION**:

At the Director's Level of Review (DLR), submitted on July 21, 2010, you stated that you never refused to see the interviewer for the SLR; you claim that you had dialysis the day you were called for the interview; you claim the deliberate indifference to your medical needs still continue daily; you claim that these delays are causing you severe

discomfort to your everyday activities and causing you dysfunction with your health.

A review of the appeal file was performed and revealed the following: CDCR only provides medical services based on medical necessity and supported by outcome data as effective medical care. In the absence of available outcome data for a specific case, treatment will be based on the judgment of the physician that the treatment is considered effective for the purpose and is supported by diagnostic information and consultations with appropriate specialists.

At the DLR, your appeal file and documents obtained from your health record were reviewed and it was determined your care related to your appeal issues was adequate, as you received medical treatment, medication was provided to address your concerns at the FLR and SLR.

During the review of Section H of your appeal, you have not presented any new information which would change the prior appeal decision of denied at the FLR and SLR.  You are advised that at the DLR, your housing concerns at KVSP are based on institutional needs, and only KVSP staff is able to monitor those needs.  Any staff disciplinary issues will not be addressed through the appeal process[.]  You are reminded that only facility-employed health care staff and consultants shall diagnose illness or prescribe medication or treatment for inmates.  No other person may do so.  You will continue to receive medically indicated medications and other clinical services.  While you may refuse medical treatment, you are not authorized to select your clinician or clinic assignments.  All clinician assignments are determined by health care management based on facility needs.  You are encouraged to cooperate with your clinicians in order to receive proper care and management of your condition.  You will be evaluated and treatment will be provided based on your clinician's evaluation, diagnosis, and recommended treatment plan, according to applicable policies.

At the DLR, your appeal file was reviewed and it was determined the institution's response was comprehensive and adequate to address your concerns.  As a result, there is no compelling evidence that warrants intervention at the Director's Level of review as you are receiving treatment deemed medically necessary, including medications, surgical intervention and specialty services.  You are

encouraged to cooperate with your clinicians in order to receive the proper treatment for your condition.[36]

With respect to the question of the renal diet, it is clear from the record that at least two physicians on separate occasions ordered that it be terminated. While Calloway alleges that it was terminated for improper reasons, Calloway offers nothing other than his own opinion that continuation of a renal diet was medically necessary. The Court also notes that on July 13, 2013, the Chief Medical Officer at Corcoran issued a memorandum noting that, because there was "no scientific evidence showing that ice is an essential and medically necessary component in dialysis patients," ice chronos would not longer be honored at CSP-Corcoran until further notice.[37]

This Court does not doubt the seriousness of a renal failure, nor does the Court doubt that the treatment Calloway seeks may very well be the optimal treatment for his condition. That, however, is not the issue before this Court in this proceeding. The Constitution does not mandate that a prisoner receive optimal medical treatment, only that he receive sufficient care responsive to his needs.[38] The record presented to this Court clearly and unequivocally indicates that Calloway was seen regularly by medical personnel who provided a course of treatment that, in the opinion of the attending medical personnel, was considered adequate for his needs. A disagreement between a prisoner and a medical

---

[36] Docket 31-1, pp. 32–34, COR-09-10-10956, dtd August 23, 2010.

[37] Docket 31-1, p. 65.

[38] *See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1217 (9th Cir. 2014) (quoting *Minneci v. Pollard*, 132 S. Ct. 617, 625 (2012)).

professional over the most appropriate course of treatment does not give rise to a medical deliberate indifference claim.[39] At most, Calloway has pleaded a difference of medical opinion as to the necessity for an adequate renal diet, ice chips, hypoallergenic soap, shampoo, and moisturizing lotion; which is inadequate to establish a claim of constitutional magnitude.[40]

## V.    CONCLUSION/ORDER

While leave to amend is generally liberally granted, particularly with respect to *pro se* prisoners, it is apparent that granting Calloway further leave to amend his complaint would be futile.[41]  In addition, Calloway has disregarded the Court's instructions limiting the extent to which he was permitted to amend. Accordingly, for the foregoing reasons the Amended Complaint at **Docket 31** is hereby **DISMISSED** without leave to amend.

This Court, having fully considered the matter finds that reasonable jurists could not disagree with this Court's resolution of Plaintiff's claims, or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.  Therefore,

---

[39]  *Franklin*, 662 F.2d at 1344.

[40]  *Toguchi*, 391 F.3d 1059–60.  The Court further notes that also pending in this district is *Calloway v. Biter*, 1:13-cv-00747-GSA, in which Calloway alleges that, while incarcerated at Kern Valley State Prison between July 30, 2010, and February 6, 2013, medical personnel there also denied him a renal diet, ice chips, and sundry items. The Court takes judicial notice of that action.  Fed. R. Evid. 201.

[41]  *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

any appeal from this decision would be frivolous or taken in bad faith.[42] Accordingly, Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The Clerk of the Court is directed to enter final judgment dismissing this action in its entirety as against all defendants, which states that the dismissal counts as a "strike" under 42 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 27th day of October, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[42] 28 U.S.C. § 1915(a)(3);  *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).

ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND
*Calloway v. Adams*, 1:11-cv-01281-RRB – 21